IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2220-D

| | | |
|---|---|---|
| IVAN E. WARREN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | **ORDER** |
| LEWIS SMITH, | ) ) ) | |
| Respondent. | ) | |

On October 11, 2013, Ivan E. Warren ("Warren" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On May 22, 2014, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed the petition to proceed [D.E. 4]. On July 14, 2014, respondent answered the petition [D.E. 7] and moved for summary judgment [D.E. 8]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Warren about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 10]. On July 30, 2014, Warren filed a motion for legal materials [D.E. 12]. On September 5, 2014, Warren responded in opposition to the motion for summary judgment [D.E. 15–16]. On October 27, 2014, Warren supplemented his response [D.E. 17]. As explained below, the court denies Warren's motion for legal materials, grants respondent's motion for summary judgment, and dismisses without prejudice Warren's petition for failure to exhaust state remedies.

I.

As for Warren's motion for "proper and adequate Access to the Court by providing specific assistance in legal research in the form of case laws downloaded from free websites by a facility

designee," Mot. [D.E. 12] 1, Warren has represented himself ably in his petition. Thus, the court denies the motion.

On February 12, 1981, in Onslow County Superior Court, Warren pleaded guilty to one count of second-degree murder, and the trial court sentenced Warren to life imprisonment with the possibility of parole. Pet. [D.E. 1] 1; see [D.E. 9-2] (parole certificate indicating conviction). Warren did not appeal. Pet. 2.

On April 9, 2008, the Post-Release Supervision and Parole Commission ("the Commission") placed Warren on parole. See Resp't's Mot. Summ. J., Ex. A [D.E. 9-2] (certificate of parole). On April 23, 2008, Warren entered into a parole agreement, which required him to abide by certain conditions. Id., Ex. B [D.E. 9-3]. One of the conditions ("condition number 11") required Warren to "not assault, or harm, or threaten to assault or harm, any person." Id. 3. Warren's parole agreement also included a "parole/post release supervision fee." Id. 4.

On November 2, 2012, two witnesses filed written statements that Warren repeatedly physically and sexually assaulted their mother (Yvette Boyd) while on parole, and that they feared for her life. Id., Ex. C [D.E. 9-4]. On November 6, 2012, Warren's parole officer prepared a violation report, which charged Warren with violating condition number 11 and with failing to pay his postrelease supervision fees, and obtained an arrest warrant for Warren from the Commission. Id., Exs. D–E [D.E. 9-5, 9-6].

On November 13, 2012, a hearing officer conducted a probable cause hearing on the violation report. Id., Ex. F [D.E. 9-7]. Warren was present at the hearing, waived his right to counsel, and admitted that he was behind on his postrelease supervision fees, but denied threatening or harming Yvette Boyd. Id. 2–4. The hearing officer found probable cause to detain Warren and return Warren

2

to the custody of the North Carolina Department of Correction pending the Commission's final decision. Id. 3.

On December 11, 2012, the Commission served Warren with a notice of hearing and advised him of the alleged parole violations, the date and place of the hearing, the witness that would appear, and his procedural rights. Id., Ex. H [D.E. 9-9]. On December 19, 2012, a parole commissioner conducted a revocation hearing. Id., Ex. I [D.E. 9-10]. Warren again admitted being in arrears on his supervision fee. Id. 2. Warren acknowledged that "he and Ms. Boyd did fight and did argue sometimes," but he denied threatening or harming Boyd. Id. Warren further noted that Boyd had written to Warren since his arrest and sent him money. Id. Warren presented 25 pages of evidence on his behalf, including statements from friends and family members, his own written statement, and letters from Boyd. Id., Ex. J [D.E. 9-11]. Warren's parole officer and another parole officer testified in support of revoking Warren's parole. Id., Ex. I [D.E. 9-10] 3. The commissioner found that Warren had violated the terms of his parole. Id. On January 15, 2013, the Commission notified Warren that it had revoked his parole. Id., Ex. K [D.E. 9-12].

On September 7, 2013, Warren filed the instant habeas petition [D.E. 1]. Warren asserts that the Commission violated his due process rights in connection with his parole revocation proceeding and that his failure to pay his supervision fee does not support revoking his parole. Pet. 5–13. Warren's due process argument focuses on his inability to cross examine the two witnesses who alleged that he repeatedly physically and sexually assaulted Yvette Bryd. See id.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue

3

of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d); see, e.g., Glebe v. Frost, 135 S. Ct. 429, 430 (2014) (per curiam); Lopez v. Smith, 135 S. Ct. 1, 1–2 (2014) (per curiam); Marshall v. Rodgers, 133 S. Ct. 1446, 1449–51 (2013) (per curiam). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see White v. Woodall, 134 S. Ct. 1697, 1702–07 (2014); Nevada v. Warren, 133 S. Ct. 1990,

4

1992–94 (2013) (per curiam); Metrish v. Lancaster, 133 S. Ct. 1781, 1786–92 (2013); Parker v. Matthews, 132 S. Ct. 2148, 2151–56 (2012) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–32 (2011) (per curiam); Renico v. Lett, 559 U.S. 766, 773–79 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the standard in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to be difficult to meet. See White, 134 S. Ct. at 1702; Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 131 S. Ct. at 787. To prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 784; see DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

Respondent argues that the petition contains unexhausted claims. Mem. Supp. Resp't's Mot. Summ. J. [D.E. 9] 7–14. A section 2254 petitioner must first exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A). A plaintiff exhausts available state remedies by giving "state courts one full opportunity to resolve any constitutional issues" through the state's appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A failure to exhaust is fatal to a section 2254 petition. See, e.g., Coleman v. Thompson, 501 U.S. 722, 731 (1991); Fowler v. Joyner, 753 F.3d

5

446, 460 (4th Cir. 2014).

Under North Carolina law, Warren can seek habeas relief for the alleged lack of due process in his parole revocation hearing and the revocation for failure to pay supervision fees. See N.C. Gen. Stat. § 17-33(2); Cook v. Smith, No. 1:08CV300, 2011 WL 1230793, at *2 (M.D.N.C. Mar. 28, 2011) (unpublished) (holding that the section 2254 petitioner exhausted his state remedies by filing for a writ of habeas corpus in a North Carolina Superior Court and then a writ of habeas corpus in the North Carolina Court of Appeals and the Supreme Court of North Carolina). Warren admits that he did not exhaust his state remedies before filing his federal petition. See Pet. 10 (noting that Warren's only step to exhaust was "fil[ing] an administrative remedy through all steps; which was dismissed due to remedy's inability to address parole issues"). Warren notes, however, that he filed a state habeas petition on September 14, 2014 (almost one year after he filed his federal petition), and alleges that the state court denied it. See [D.E. 17-1] 1; Pet. 1.

The court rejects Warren's argument that he has exhausted his state remedies. First, a petitioner must exhaust state remedies before seeking a writ of habeas corpus under section 2254. Woodford v. Ngo, 548 U.S. 81, 92 (2006). Thus, the court rejects Warren's argument concerning his September 2014 state habeas petition. Second, if the state trial court did deny Warren's state habeas petition, Warren failed to seek a writ of habeas corpus in the North Carolina Court of Appeals or the Supreme Court of North Carolina. Thus, Warren has not exhausted his state remedies. Warren must give the North Carolina courts a chance to review his federal constitutional claim before bringing it to this court. O'Sullivan, 526 U.S. at 845. Accordingly, the court dismisses Warren's 2254 petition without prejudice for failure to exhaust state remedies.[1]

---

[1] The court may, of course, deny Warren's petition despite a failure to exhaust. See 28 U.S.C. § 2254(b)(2). On this record, however, the court declines to do so. According to Warren,

6

II.

In sum, the court DENIES Warren's motion for legal materials [D.E. 12], GRANTS respondent's motion for summary judgment [D.E. 8], and DISMISSES without prejudice Warren's application for a writ of habeas corpus for failure to exhaust state remedies [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 12 day of February 2015.

JAMES C. DEVER III
Chief United States District Judge

---

the Commission did not allow him to cross examine the two original witnesses alleging assaultive behavior. Cf. Morrissey v. Brewer, 408 U.S. 471, 488–89 (1972) (stating that, at the formal revocation hearing, a parolee is entitled to "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)"). According to Warren, the sole reason that the Commission offered for failing to allow cross-examination at the preliminary hearing was that the "jail [had] neither the physical space nor sufficient security to allow civilian witnesses to physically appear in the hearing room with the parolee," notwithstanding that the witnesses "appeared at the hearing." Bartholomew Aff. [D.E. 9-8] ¶ 11. Although the parties dispute whether Warren requested their appearance at the formal hearing, respondent offers no explanation for the failure to allow cross-examination of the witnesses at the formal hearing. The state court is better positioned to resolve these factual issues and then determine whether the Commission complied with Morrissey and its progeny.